RAYMOND PHILIPS v. THE STATE.

No. 12881.   Delivered January 1, 1930.

The opinion states the case.

*Adams & McAlister* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for passing a forged instrument; punishment, two years in the penitentiary.

Appellant, a boy about seventeen or eighteen years old, was convicted for the offense of passing an alleged forged check.   He defended upon the proposition that he bought the check from a man named therein as the payee who instructed him to write his name across the back of it when he wished to cash it.   Appellant testified that he could not read but could write a little, and that he did write the name of the party from whom he claimed to have purchased said check, upon same at the time of its passage.   Appellant also applied for a suspended sentence, which was denied him by the verdict of the jury.

While the prosecuting witness was testifying, and after he had testified that he did not give his consent to appellant or anyone else to sign his name to the check, he was asked by the State and testified, that he had gotten his money upon this check, and that it was paid him by appellant's father.   This was objected to as being a transaction between third parties, damaging in its nature to appellant, out of the appellant's presence and hearing, and by which he could not be bound or affected.   We see no escape from the proposition that appellant's contention is correct.   Manifestly the jury would be impressed by the fact that appellant's father having paid the amount of the check to the alleged injured party, this would necessarily convey the belief of the father of the appellant that

his son was guilty, and that he had defrauded or wrongfully obtained the money of the man whose name was signed to the check. It would doubtless further appear to the jury that if appellant's father believed that he had wrongfully obtained the money of said party by means of said check, that his father declined to accept appellant's explanation of how he came by said check, and that if the father believed him guilty, there would be every reason for the jury coming to the same conclusion. The testimony was clearly inadmissible. Whatever be its effect, it could not be otherwise than hurtful to the appellant. We can not conclude the error one of no materiality or harm. For such error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, J., absent.